UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LUTHER HAWKINS, | : | |
| | : | |
| Petitioner, | : | Case No. 3:23-cv-27 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | Magistrate Judge Chelsey M. Vascura |
| WARDEN, ROSS CORRECTIONAL INSTITUTION, | : | |
| | : | |
| | : | |
| Respondent. | | |

**ENTRY AND ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION (DOC. NO. 21) AND ADOPTING REPORT AND RECOMMENDATION (DOC. NO. 16)**

Presently before the Court is Magistrate Judge Vascura's Report and Recommendation ("Recommendation") (Doc. No. 16) and Petitioner Luther Hawkins' ("Hawkins") Objections to Report and Recommendation for Dismissal ("Objections") (Doc. No. 21). Magistrate Judge Vascura recommends Hawkins' petition for writ of habeas corpus be denied and the action be dismissed. (Doc. No. 16 at PageID 791.) For the reasons explained below, the Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**.

Under Fed. R. Civ. P. 72(b), the district judge is to review *de novo* any portion of a magistrate judge's report and recommendation to which substantial objection has been made. Where matters are referred to the magistrate judge for the exercise of discretion, review is for abuse of discretion. The magistrate judge's findings of fact may be reversed only if clearly erroneous. Errors of law are, however, reviewed *de novo*.

The Court has reviewed the findings and conclusions of Magistrate Judge Vascura and has

considered *de novo* all of the filings in this case with particular attention to the issues as to which Hawkins has lodged objections. Having done so, the Court determines that the Magistrate Judge's Recommendation should be adopted for the reasons given.

A full account of Hawkins entire history is laid out in the Recommendation and the Court will not restate it here. (*See* Doc. No. 16 at PageID 791-812.) As brief background, Hawkins was convicted of "one count of rape (Count 1 – under 13, by force) in violation of Ohio Rev. Code § 2907.02(A)(1)(B), a felony of the first degree, and ten counts of rape (force or threat of force), in violation of R.C. 2907.02(A)(2), also felonies of the first degree." (Doc. No. 16 at PageID 791-92.) On January 25, 2023, Hawkins filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. No. 1.)

Hawkins writ of habeas corpus raised three grounds for relief:

**GROUND ONE:** THE STATE DID NOT PRESENT SUFFICIENT EVIDENCE AT TRIAL TO SUSTAIN THE VERDICTS AND THE VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

**GROUND TWO:** THE TRIAL COURTS SENTENCE OF 65 YEARS TO LIFE IS CONTRARY TO LAW, EXCESSIVE AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT PURSUANT TO THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

**GROUND THREE:** THE MULTIPLE CONVICTIONS AND SENTENCES ARE VOID AS A MATTER OF LAW, WHERE HE WAS CONSTRUCTIVELY DEPRIVED OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO THE ASSISTANCE OF COUNSEL AT TRIAL AND ON THE APPEAL OF RIGHT.

(Doc. No. 1 at PageID 1-12.) In his Objections, Hawkins only challenges Magistrate Judge Vascura's findings as to the second and third grounds.

Hawkins second ground alleges that his sentence violated the Eighth Amendment

2

prohibition on cruel and unusual punishment.  (Doc. No. 1 at PageID 5.)  In evaluating the claim, Magistrate Judge Vascura found that the state courts were not unreasonable because the trial court imposed a sentence less than the maximum and the appellate court conclusion that the sentence was "'not grossly disproportionate to [Petitioner's] offenses,'" comported with the Eighth Amendment precedent on statutory sentencing.  (Doc. No. 16 at PageID 824-25) (citations omitted).

Hawkins' Objections now argues that his sentencing was improper because the imposition of an increased sentence under Ohio Rev. Code § 2907.02(A)(1)(B) required a finding of fact and he was entitled to have that fact decided by a jury under the Sixth Amendment.  (Doc. No. 21 at PageID 841.)  Hawkins raises this argument for the first time in his Objections.  "'[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.'"  *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1070 (N.D. Ohio 2014) (quoting *Murr v. U.S.*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000)).  Therefore, the Court will not consider Hawkins' new argument as to Ground 2 and his objection is overruled.

As to the third ground, Hawkins alleges that both his trial counsel and appellate counsel provided ineffective assistance in violation of the Sixth and Fourteenth Amendments.  (Doc. No. 1 at PageID 7.)  In the Recommendation, Magistrate Judge Vascura found that Hawkins had failed to argue ineffective assistance of trial counsel on direct appeal to the state appellate court and, consequently, had procedurally defaulted on that claim.  (Doc. No. 16 at PageID 829.)  As to his appellate counsel, Magistrate Judge Vascura further found that Hawkins had failed to properly preserve this argument by filing an application under Ohio App. R. 26(B).  (*Id*. at PageID 829-30.)

Hawkins Objections do not address his failure to raise an ineffective assistance of counsel

claim as to his trial counsel at the appellate level. Therefore, the Court will turn to his ineffective assistance claim as to his appellate counsel. Hawkins alleges that he was unable to file an application under Ohio App. R. 26(B) because the law library at the prison was closed due to a COVID-19 lockdown. (Doc. No. 21 at PageID 843.) Once Hawkins was able to access the library the time to file his application had expired. (*Id.*)

Under Ohio App. R. 26(B)(1), "[a]n application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment *unless the applicant shows good cause for filing at a later time*." (emphasis added). Hawkins does not allege he sought permission to filed his Rule 26(B) application at a later time or that he argued for a good cause extension and was denied. As Hawkins failed to file a Rule 26(B) application, he procedurally defaulted on his claim of ineffective assistance of counsel as to his appellate counsel. Hawkins' objection as to Ground 3 is overruled.

Therefore, the Court **OVERRULES** Hawkins' Objections to Report and Recommendation (Doc. No. 21) and **ADOPTS** the Report and Recommendation (Doc. No. 16). This matter will be dismissed. The Clerk is **ORDERED** to enter judgment as set forth herein and terminate this matter.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, May 2, 2024.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE